IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SONJA MARIE BOYCE,

        Plaintiff(s),

v.

ST. VINCENT DEPAUL (LANE COUNTY), GBM GARDER BECKLEY MEADOWS,

        Defendant(s).

No. 3:24-cv-00596-HZ

OPINION & ORDER

Sonja Marie Boyce
5825 N.E. Prescott St. Apt. 310
Portland, OR 97218

    Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

    This matter is before the Court on Plaintiff Sonja Marie Boyce's Application for Leave to Proceed *In Forma Pauperis*, ECF 2; Plaintiff's Motion for Temporary Restraining Order, ECF 6; and Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF 3. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court grants

1 – OPINION & ORDER

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons below, however, the Court dismisses Plaintiff's Complaint without service of process, denies the Motion for Temporary Restraining Order, and denies the Motion for Appointment of Counsel.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989)(*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)(section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & Cnty. of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "'however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers.'" *Simmons v. United States*, 142 S. Ct. 23, 25 (2021)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)(citation omitted).

The standard for a temporary restraining order ("TRO") is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008)). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Similarly, serious questions going to the merits, coupled with a balance of equities that tips sharply in a plaintiff's favor, will support the issuance of an injunction if the other elements of the test are met. *Id*. at 1134–35 (internal citations omitted).

## DISCUSSION

### I. Allegations

On April 8, 2024, Plaintiff filed a *pro se* Complaint against St. Vincent DePaul Society and GBM. Plaintiff's Complaint includes (1) her name and address; (2) a list of defendants that includes addresses for both as "Eugene, Lane Co. Oregon"; (3) an assertion of federal-question jurisdiction; (4) a statement of claim as follows:

> Defendant owes me for back rent from Jan - June of 2022 $30,000 + relocation fees fees [*sic*] was not offered. Endangerment of myself to and fro [*sic*] of my home by putting up a safe staircase w/railings around my porch area on both ends of porch. Landlord/tenant ordinance. Between Nov 1, 21 - June 8, 22 (compliance agreement in place + complied 4/9/22);

and (5) under the section for relief, the following statement:

> 1. The $30,000 that I would had [*sic*] to put out on payments on that amt but luckily my health insurance picked it all up.
> 2. permanent nerve damage to my left, right eye area
> 3. 5 stitches to my left eye area
> 4. constant high blood pressure
> 5. migraine headaches
> 6. having to take my days carefully
> 7. would like to spend time w/ my grandchildren/great grandchildren

Compl. at 4.

On April 9, 2024, Plaintiff filed a Motion for Temporary Restraining Order in which she moves "to stop temporarily demolition of my home" because "of an illegal eviction notice in the lower courts. Was not serviced by mail, hand or posted at the entrance of my home." Mot. for Temporary Restraining Order, ECF 6, at 1.

### II. Jurisdiction

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)

("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *United States v. Ceja-Prado*, 333 F.3d 1046, 1049-50 (9th Cir. 2003). *See also Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991)(same). Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

As noted, Plaintiff asserts this Court has federal question jurisdiction. Plaintiff, however, fails to allege what constitutional right Defendants violated or to allege sufficient facts from which this Court can infer what, if any, provision of the United States Constitution that Plaintiff asserts Defendants violated. Plaintiff also alleges Defendants violated the Fair Housing Act ("FHA"), but does not allege the manner in which Defendants violated that Act or allege sufficient facts from which the Court can infer a violation. Plaintiff, therefore, has not alleged facts that establish this Court has federal jurisdiction.

To establish diversity jurisdiction in the District of Oregon, a plaintiff must allege she resides in the State of Oregon, each of the defendants resides in another state, and the plaintiff seeks damages of more than $75,000. Plaintiff states she is an Oregon resident and both Defendants are citizens of Oregon and she does not allege damages of more than $75,000. Plaintiff, therefore, has not alleged facts that establish this Court has diversity jurisdiction.

### III. Constitutional Claim

To state a claim for violation of a constitutional right a plaintiff must allege how the actions complained of have resulted in a deprivation of her constitutional rights and a sufficient causal connection between each defendant's actions and the claimed deprivation. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Vague and conclusory allegations of constitutional violations are insufficient to survive screening under 28 U.S.C. § 1915. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, for each defendant a plaintiff must state

> (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional . . . provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met . . .; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

*Mason v. Twin Falls Cnty. Sheriff*, No. 3:23-CV-00570-AKB, 2024 WL 625401, at *8 (D. Idaho Feb. 14, 2024).

Plaintiff here fails to allege the particular constitutional provision that Defendants violated, the specific conduct of each Defendant that allegedly took place and led to the constitutional violation, or that Defendants are state actors or private entities performing a state function, nor does Plaintiff allege facts from which the Court can infer these elements of a constitutional claim. Plaintiff, therefore, fails to state a claim for any constitutional violation.

### IV. FHA Claim

The FHA prohibits discrimination in the sale or rental of housing based on race, color, religion, sex, familial status, or national origin. See 42 U.S.C. § 3604. "Most courts applying the

FHA . . . have analogized it to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination in employment." *Gamble v. City of Escondido,* 104 F.3d 300, 304–05 (9th Cir. 1997)(quotations omitted). A plaintiff, therefore, can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact.[1] *Id.*

To establish a prima facie claim for FHA disparate-treatment a Plaintiff must allege she: (1) was a member of a protected class; (2) applied for, and was qualified to receive, a rental or housing relationship or a term, condition, or privilege of a rental or housing relationship; (3) was denied the rental relationship or the housing-related term, condition, or privilege; and (4) the rental relationship or the housing-related term, condition, or privilege remained available to other, similarly situated individuals who were not members of the plaintiff's protected class. *Intermountain Fair Hous. Council, Inc. v. Tomlinson & Assocs., Inc.*, No. 1:21-CV-00506-BLW, 2023 WL 2710565, at *7 (D. Idaho Mar. 29, 2023)(citing *Gamble*, 104 F.3d at 305). The Court assumes for purposes of this analysis only that Plaintiff alleges sufficient facts from which the Court can infer that Plaintiff applied for, and was qualified to receive, a rental or housing relationship or a term, condition, or privilege of a rental or housing relationship and that Plaintiff was denied the rental relationship or the housing-related term, condition, or privilege. Even under the most generous reading of Plaintiff's Complaint, however, Plaintiff has not alleged facts from which the Court can infer that the rental relationship or the housing-related term, condition, or privilege remained available to other, similarly situated individuals who were not members of

---

[1] A plaintiff may also bring an action under § 3604(f)(3)(B) of the FHA if a local municipality refuses to make reasonable accommodations for handicapped housing, *City of Edmonds v. Wa. State Bldg. Code Council*, 18 F.3d 802 (9th Cir. 1994), however, neither Defendant here is a municipality.

7 – OPINION & ORDER

Plaintiff's protected class. Plaintiff, therefore, has not stated an FHA claim for disparate treatment nor established a likelihood of success on the merits of such claim.

To establish a prima facie disparate-impact claim under the FHA a plaintiff must establish "at least that the defendant's actions had a discriminatory effect." *Gamble,* 104 F.3d at 306 (quotations omitted). To state a prima facie FHA claim under a disparate impact theory a plaintiff must allege "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Id.* (quotation omitted). "Demonstration of discriminatory intent is not required under disparate impact theory[, however,] a plaintiff must prove the discriminatory impact at issue; raising an inference of discriminatory impact is insufficient." *Id.* (quotations omitted). Plaintiff here does not allege any "outwardly neutral practices" of either defendant or any significantly adverse impacts of those policies on individuals in a protected class nor does Plaintiff allege facts from which the Court can infer either of those requirements. Plaintiff, therefore, fails to state a claim for disparate impact under the FHA.

In summary, Plaintiff fails to state a claim for violation of the FHA.

**VI.    TRO**

Because Plaintiff has not established this Court has jurisdiction and has failed to sufficiently allege claims for constitutional violations or violations of the FHA, the Court also concludes Plaintiff has not established the likelihood of success on the merits of those claims.

In addition, Plaintiff alleges in her TRO that it "is because of an illegal eviction notice in the lower courts." The Ninth Circuit, however, has made clear that this Court lacks jurisdiction to review final state court decisions such as those involving allegedly illegal evictions. *See, e.g.*,

*Bumphus v. Hazeltree Apartments*, 63 F. App'x 382, 383 (9th Cir. 2003)(finding the "district court properly dismissed [the plaintiff's] claim, which alleged a conspiracy that resulted in his illegal eviction, because the claim effectively seeks review of a final, state court decision")(citing *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)). This Court, therefore, lacks jurisdiction to review any final state court decision relating to Plaintiff's eviction.

The Court, therefore, concludes Plaintiff has not established a likelihood of success on her claims. Accordingly, the Court denies Plaintiff's Motion for Temporary Restraining Order.

## VII. Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(e), however, this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates Plaintiff's likelihood of success on the merits and her ability to articulate her claim *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has not shown a likelihood of success on the merits. Nor does this Court find that any difficultly Plaintiff "experienced in attempting to litigate [her] case derived from the complexity of issues involved." *Wilborn*, 789 F.2d at 1331. This does not appear to be a case that implicates exceedingly complex issues of fact or law, or which depends on a new or novel legal theory. Any difficulties that Plaintiff faced are "difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood*, 900 F.2d at 1335–36. Accordingly, the Court denies Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

The Court GRANTS Plaintiff's Application for Leave to Proceed *In Forma Pauperis*, ECF 2, and DISMISSES Plaintiff's Complaint, ECF 1, with leave to amend.

Plaintiff may file an amended complaint curing the deficiencies noted above within 30 days of this Opinion and Order. Failure to file an amended complaint within 30 days of this Opinion and Order will result in dismissal of this action with prejudice.

The Court DENIES Plaintiff's Motion for Temporary Restraining Order, ECF 6, and DENIES Plaintiff's Motion for Appointment of Counsel, ECF 3.

IT IS SO ORDERED.

DATED:_____April 11, 2024_____.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge