IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SONJA MARIE BOYCE,                           No. 3:24-cv-00596-HZ

               Plaintiff(s),          OPINION & ORDER

v.

ST. VINCENT DEPAUL (LANE
COUNTY), GBM GARDER BECKLEY
MEADOWS,

               Defendant(s).


Sonja Marie Boyce
5825 N.E. Prescott St. Apt. 310
Portland, OR 97218

       Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

       This matter is before the Court on Plaintiff Sonja Marie Boyce's Amended Complaint.

For the reasons below the Court dismisses Plaintiff's Amended Complaint without service of

process.

1 – OPINION & ORDER

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989)(*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)(section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & Cnty. of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Simmons v. United States*, 142 S. Ct. 23, 25 (2021)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the

complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)(citation omitted).

## DISCUSSION

On April 8, 2024, Plaintiff filed a *pro se* Complaint against St. Vincent DePaul Society ("SVDP") and Gardner, Beckley, Meadows ("GBM"). Plaintiff's original Complaint included (1) her name and address in Oregon; (2) addresses for both Defendants in "Eugene, Lane Co. Oregon"; (3) an assertion of federal-question jurisdiction based on a "constitutional violation of right" and "Fair Housing Act"; (4) a statement of claim as follows:

> Defendant owes me for back rent from Jan - June of 2022 $30,000 + relocation fees fees [*sic*] was not offered. Endangerment of myself to and fro [*sic*] of my home by putting up a safe staircase w/railings around my porch area on both ends of porch. Landlord/tenant ordinance. Between Nov 1, 21 - June 8, 22 (compliance agreement in place + complied 4/9/22);

and (5) under the section for relief, the following statement:

1.    The $30,000 that I would had [*sic*] to put out on payments on that amt but luckily my health insurance picked it all up.
2.    permanent nerve damage to my left, right eye area
3.    5 stitches to my left eye area
4.    constant high blood pressure
5.    migraine headaches
6.    having to take my days carefully
7.    would like to spend time w/ my grandchildren/great grandchildren

Compl., ECF 1 at 4.

On April 11, 2024, the Court issued an Opinion and Order in which it granted Plaintiff's Application for Leave to Proceed In Forma Pauperis but dismissed Plaintiff's Complaint without service of process on the bases that Plaintiff failed to plead facts sufficient to establish this Court has jurisdiction, failed to sufficiently allege the grounds or elements of a constitutional claim, and failed to allege facts sufficient to establish a claim for violation of the Fair Housing Act. The

Court granted Plaintiff leave to file an amended complaint to cure the deficiencies set out in the Opinion and Order.

On May 8, 2024, Plaintiff filed a 99-page document that the Court construes as an Amended Complaint. The Amended Complaint consists of a number of hand written narratives with various dates in 2022 and 2024; the first and last page of a Stipulated Agreement and Order filed in Multnomah County Circuit Court on November 11, 2021; several emails between an individual who may be the attorney for SVDP and a Legal Aid attorney representing Plaintiff in a dispute regarding clean up of debris and personal property items; a Residential Eviction Notice in which SVDP sought to have Plaintiff evicted on November 1, 2021; a Notice of Abandoned Personal Property addressed to Plaintiff and dated June 9, 2022; four checks made out to Arbor M. H. Park/SVDP by Plaintiff; a supplemental judgment awarding attorney fees and costs to SVDP counsel in a state-court action brought by Plaintiff; and information on landlord-tenant law, among other things. None the materials, however, sufficiently allege that Defendants violated Plaintiff's constitutional rights or Plaintiff's rights under a federal law or statute. Plaintiff, therefore, has not established this Court has federal-question jurisdiction. In addition, the materials indicate that Plaintiff and both Defendants are Oregon residents and there is no suggestion that the amount in controversy exceeds $75,000. Plaintiff, therefore, also has not established this Court has diversity jurisdiction.

Accordingly, the Court concludes Plaintiff has not established it has jurisdiction. The Court, therefore, dismisses this matter without prejudice.

**CONCLUSION**

The Court DISMISSES this matter without prejudice and without leave to amend.

IT IS SO ORDERED.


DATED:_____May 20, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge