IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SONJA MARIE BOYCE,                             No. 3:24-cv-00596-HZ

             Plaintiff(s),                  OPINION & ORDER

v.

ST. VINCENT DEPAUL (LANE
COUNTY), GBM GARDER BECKLEY
MEADOWS,

             Defendant(s).

Sonja Marie Boyce
5825 N.E. Prescott St. Apt. 310
Portland, OR 97218

    Plaintiff, *Pro Se*

1 – OPINION & ORDER

HERNÁNDEZ, Senior Judge:

This matter is before the Court on Plaintiff Sonja Marie Boyce's Motion to Reopen Case, ECF 12. For the reasons below the Court denies Plaintiff's Motion.

On April 8, 2024, Plaintiff filed a *pro se* Complaint against St. Vincent DePaul Society ("SVDP") and Gardner, Beckley, Meadows ("GBM"). Plaintiff's original Complaint included (1) her name and address in Oregon; (2) addresses for both Defendants in "Eugene, Lane Co. Oregon"; (3) an assertion of federal-question jurisdiction based on a "constitutional violation of right" and "Fair Housing Act"; (4) a statement of claim as follows:

> Defendant owes me for back rent from Jan - June of 2022 $30,000 + relocation fees fees [*sic*] was not offered. Endangerment of myself to and fro [*sic*] of my home by putting up a safe staircase w/railings around my porch area on both ends of porch. Landlord/tenant ordinance. Between Nov 1, 21 - June 8, 22 (compliance agreement in place + complied 4/9/22);

and (5) under the section for relief, the following statement:

> 1. The $30,000 that I would had [*sic*] to put out on payments on that amt but luckily my health insurance picked it all up.
> 2. permanent nerve damage to my left, right eye area
> 3. 5 stitches to my left eye area
> 4. constant high blood pressure
> 5. migraine headaches
> 6. having to take my days carefully
> 7. would like to spend time w/ my grandchildren/great grandchildren

Compl., ECF 1 at 4.

On April 11, 2024, the Court issued an Opinion and Order in which it granted Plaintiff's Application for Leave to Proceed In Forma Pauperis but dismissed Plaintiff's Complaint without service of process on the bases that Plaintiff failed to plead facts sufficient to establish this Court has jurisdiction, failed to sufficiently allege the grounds or elements of a constitutional claim, and failed to allege facts sufficient to establish a claim for violation of the Fair Housing Act. The

Court granted Plaintiff leave to file an amended complaint to cure the deficiencies set out in the Opinion and Order.

On May 8, 2024, Plaintiff filed a 99-page document that the Court construed as an Amended Complaint. The Amended Complaint consisted of a number of hand written narratives with various dates in 2022 and 2024; the first and last page of a Stipulated Agreement and Order filed in Multnomah County Circuit Court on November 11, 2021; several emails between an individual who may be the attorney for SVDP and a Legal Aid attorney representing Plaintiff in a dispute regarding clean up of debris and personal property items; a Residential Eviction Notice in which SVDP sought to have Plaintiff evicted on November 1, 2021; a Notice of Abandoned Personal Property addressed to Plaintiff and dated June 9, 2022; four checks made out to Arbor M. H. Park/SVDP by Plaintiff; a supplemental judgment awarding attorney fees and costs to SVDP counsel in a state-court action brought by Plaintiff; and information on landlord-tenant law, among other things.

On May 20, 2024, the Court issued an Opinion and Order in which it found that none of the materials sufficiently alleged that Defendants violated Plaintiff's constitutional rights or Plaintiff's rights under a federal law or statute. Plaintiff, therefore, did not establish that the Court had federal-question jurisdiction. In addition, the materials indicated that Plaintiff and both Defendants are Oregon residents and there was no suggestion that the amount in controversy exceeded $75,000. Plaintiff, therefore, did not establish that the Court had diversity jurisdiction. Accordingly, the Court concluded Plaintiff did not establish that it had jurisdiction and dismissed the matter without prejudice.

On October 8, 2024, Plaintiff filed a Motion to Reopen Case in which she asserts she "prove[d] [her] case by presenting evidence showing evidence from the landlord/tenant rules and

codes . . . that a landlord cannot change . . . locks w/out presenting a court order eviction notice" and evidence of "a compliance agreement signed between" the parties." Pl. Mot., ECF 12, at 1-2. Plaintiff, however, still fails to allege that Defendants violated Plaintiff's constitutional rights or Plaintiff's rights under a federal law or statute. Plaintiff also does not dispute that she and both Defendants are Oregon residents and she does not allege that the amount in controversy exceeds $75,000. Plaintiff, therefore, has not established that this Court has jurisdiction. Accordingly, the Court denies Plaintiff's Motion to Reopen Case.

## CONCLUSION

The Court DENIES Plaintiff's Motion to Reopen Case, ECF 12.

IT IS SO ORDERED.

DATED: October 17, 2024.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States Senior District Judge

4 – OPINION & ORDER